UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIONI ANTONIO REYNOSO TEJADA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 25-12731-LTS |
| ANTONE MONIZ et al., | ) ) | |
| Respondents. | ) ) ) | |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 1)

October 1, 2025

SOROKIN, J.

Dioni Antonio Reynoso Tejada, a citizen of the Dominican Republic who is presently in immigration detention, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He seeks an order requiring the respondents to release him on bond already set by an immigration judge.  In other recent, similar cases, the Court has considered and resolved the dispositive legal question presented here in a manner that favors the petitioner.  Accordingly, the petition is ALLOWED but, for reasons explained below, the relief is stayed briefly pending further proceedings before an immigration judge.

Reynoso Tejada was arrested on August 4, 2025, by federal immigration authorities, who allegedly have charged him with being unlawfully present in the United States and therefore subject to removal.  Doc. No. 1 ¶¶ 3, 6.  He was placed in immigration detention, where he remains.  Id. ¶¶ 4–5.  An immigration judge ("IJ") ordered Reynoso Tejada's release on $5,000 bond on August 21, 2025.  Id. ¶ 14.  When he tried to pay the bond later the same day, he learned that the Department of Homeland Security ("DHS") had begun the process of appealing the IJ's

bond determination, id., which triggered a stay of the bond order pursuant to federal regulation, 8 C.F.R. § 1003.6(a).  As a result, he remains in custody.

On September 23, 2025, Reynoso Tejada instituted this action by filing a habeas petition, alleging his detention violates federal immigration statutes, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act.  Doc. No. 1 ¶¶ 23–27.  He seeks an order compelling his release immediately or, in the alternative, requiring a bond hearing.  The petition raises claims and describes circumstances similar to those the Court has evaluated in at least two other recent cases.  See Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16; Order, Flores Gutierrez v. Hyde, No. 25-cv-12489-LTS (D. Mass. Sept. 17, 2025), ECF No. 10.  Thus, after preliminary review of the petition, the Court ordered the respondents to show cause why it "should not be allowed for the same reasons identified" in Encarnacion.  Doc. No. 5.

The respondents timely answered the show-cause order and agreed that Encarnacion "controls the result in this case" as to the applicable detention statute and the lawfulness of the automatic-stay regulation.  Doc. No. 9 at 2, 5.  Though they "respectfully disagree with the Court's prior decision" and reserve "the right to appeal," they incorporated by reference their earlier briefing and suggested that no further written or oral argument was necessary before the Court renders a decision.  Id. at 1-2.  The Court appreciates the respondents' candor.

The Court adheres to its prior reasoning, as described in Encarnacion and the cases cited therein.  The respondents' legal position arises from their view that Reynoso Tejada is ineligible for release on bond because he is subject to mandatory detention under 8 U.S.C. § 1225(b).  Various federal courts, here and elsewhere, have rejected this view.  E.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy).  The Court

has concluded previously, and remains persuaded, that the analysis of the relevant statutory language explained in Oliveira Gomes is correct.  Cf. Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (noting government's position "would require the mandatory detention of hundreds of thousands, if not millions, of individuals currently residing within the United States," and collecting cases from different districts rejecting the position).  For the reasons articulated in detail by Judge Kobick and the various other courts that have reached the same conclusion, the Court finds that Reynoso Tejada is not subject to mandatory detention under § 1225(b).  This alone warrants granting his petition.

In addition, Judge Kobick and at least one other federal judge have considered the relevant immigration-detention statutes in contexts nearly identical to this one.  See Sampiao v. Hyde, No. 25-cv-11981, 2025 WL 2607924, at *9–12 (D. Mass. Sept. 9, 2025); Garcia Jimenez v. Kramer, No. 4:25-cv-3162, 2025 WL 2374223, at *2–5 (D. Neb. Aug. 14, 2025).  In those cases, the courts found that detention pursuant to the automatic stay triggered by a DHS bond appeal was also unlawful, as it violated the petitioners' due-process rights.  The analysis laid out in both of those cases on this issue is persuasive, and the Court incorporates it by reference, as Reynoso Tejada raises the same kinds of challenges in seemingly identical circumstances.

In sum, the Court again adopts and incorporates by reference the reasoning expressed in Oliveira Gomes (as to the proper construction of the statutory detention provisions), as well as the reasoning expressed in Sampiao and Garcia Jimenez (as to the unlawfulness of detention based on the automatic stay regulations).  Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the stay of the IJ's bond determination is LIFTED; 2) the respondents shall release Reynoso Tejada if and when he satisfies the bond conditions identified

in the August 21 bond order; and 3) the respondents shall not retaliate against Reynoso Tejada for his filing of this federal habeas petition.

There is one wrinkle here, however, which the Court finds warrants delaying the effect of the ruling just described. After the IJ's bond decision, the respondents obtained records related to Reynoso Tejada's 2023 arrest on state drug-trafficking offenses (which did not yield a conviction). Doc. No. 9-1 ¶¶ 7-8, 17; see Doc. No. 9 at 2, 5. The respondents have now asked the IJ to revisit the bond determination in this case based on those records. It is not for this Court to decide whether the IJ should reconsider bond—or, if so, whether the records justify a different bond decision. To permit the IJ an opportunity to rule on DHS's motion and consider the new information, the Court hereby ORDERS that the relief described in the preceding paragraph shall take effect at the earliest of: 1) a ruling by the IJ denying reconsideration of the bond decision; 2) a ruling by the IJ ordering Reynoso Tejada's release on bond conditions (whether the same or different than those identified in the initial bond order); or 3) October 7, 2025. If the IJ issues a new order providing for Reynoso Tejada's release on bond, any appeal by DHS based only on the government's view that mandatory detention is required under § 1225(b) shall not trigger a stay of the bond order or prevent Reynoso Tejada's release on the conditions set by the IJ.

The parties shall file a joint status report on October 8, 2025, updating the Court regarding Reynoso Tejada's detention status and any further decisions by the IJ regarding bond.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

4